```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CRIMINAL NO. 3:04-cr-186-WHB

**JAMES VAUGHN RANKIN**


### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to File Out of Time Appeal.  The Court has considered the Motion, Response, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.


### I.  Procedural History

Defendant, James Vaughn Rankin ("Rankin"), after being found guilty on three counts arising from the manufacture, possession, and transport of explosive materials, was sentenced on December 15, 2005.  On January 13, 2006, the Government filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit.  On appeal, the Fifth Circuit vacated Rankin's sentence and remanded the case to this Court for resentencing.  See United States v. Rankin, 487 F.3d 229 (5th Cir. 2007).  Rankin was resentenced on August 27, 2007, to a 120 month term of imprisonment, to be followed by three years of supervised release.  Rankin was also ordered to pay a fine in the amount of $1,500.00 and a special

assessment of $300.00. The Resentencing Judgment in this case was entered the same day.

On September 6, 2007, Rankin timely filed a Notice of Appeal to the Fifth Circuit. On September 18, 2007, after informing his trial counsel that he did "not wish to pursue appellate review of any issues in this case", Rankin filed a Motion seeking to voluntarily dismiss his appeal. See Mot. to Voluntarily Dismiss Appeal [Docket No. 46]. As Rankin's appeal had not yet been docketed by the Clerk of the Fifth Circuit, his Motion was granted on September 20, 2007, in accordance with Rule 42(a) of the Federal Rules of Appellate Procedure.

On October 4, 2007, Rankin filed the subject Motion to File Out of Time Appeal. In support of his Motion, Rankin claims that "[a]fter soul-searching effort, [he] determined that his interests would be best served by pursuing the appeal." See Mot. to File Out of Time Appeal, at ¶ 5.

## II. Discussion

Under the Federal Rules of Appellate Procedure:

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

FED. R. APP. P. 4(b)(4). The issue before the Court is whether Rankin has shown either excusable neglect or good cause, which

would permit the Court to extend the time for filing an appeal under this Rule.

The United States Supreme Court has interpreted the term "excusable neglect" to allow courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). The Fifth Circuit has applied Pioneer Investment to the Federal Rules of Appellate Procedure. See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 880 n.6 (5th Cir. 1998). In the case *sub judice*, the Court finds there has not been a showing of excusable neglect as Rankin does not allege that the late filing resulted because of inadvertence, mistake, carelessness, or intervening circumstances beyond his control.

On the issue of whether good cause has been shown, the Court is guided by the case of Gann v. Smith, 443 F.2d 352 (5th Cir. 1971). In Gann, the Fifth Circuit found that changing one's mind does not constitute excusable neglect and, therefore, is not a proper grounds for extending the time period in which to appeal. Specifically, the Fifth Circuit found:

> The problem in this case is, the action of the [respondent] did not involve neglect of any kind. Within the regular 30 day period provided by FRAP 4, he made the deliberate determination not to appeal this case and adhered to that determination voluntarily and intentionally until long after such period had expired. The record reveals that the only showing made to the district judge was that the respondent changed its mind.

> [The district judge] was therefore without power to
> extend the time; and this court is without jurisdiction
> of the instant appeal.

Gann, 443 F.2d at 353.  Although the Gann Opinion only considered whether a change of mind constitutes excusable neglect, the Court finds that the Fifth Circuit would likewise hold that a change of mind under the facts in this case does not constitute good cause for the purposes of Rule 4(b)(4).

In the case *sub judice*, Rankin intentionally and voluntarily withdrew his prior Notice of Appeal.  The only showing before the Court is that Rankin has now changed his mind and wants to appeal this case.  The Court finds that Rankin has not shown either excusable neglect or good cause for the purposes of extending the time period in which to appeal under Rule 4(b)(4).  Accordingly, the Court finds that his Motion should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to File Out of Time Appeal [Docket No. 48] is hereby denied.

SO ORDERED this the 1st day of November, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
